BARTLETT, LEADER-PICONE & YOUNG, LLP
MALCOLM LEADER-PICONE (State Bar No. 104620)
2201 BROADWAY, SUITE 803
OAKLAND, CA 94612
TELEPHONE: (510) 444-2404
FACSIMILE: (510) 444-1291

Attorneys for Creditors and Third Party Defendants
DAVID MENDELSOHN, LARRY GINSBURG,
and HAROLD SILEN

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSÉ DIVISION

| | |
|---|---|
| In re:<br><br>EXCEL INNOVATIONS, INC.,<br><br>Debtor. | No. 04-53874-ASW 11<br><br>Chapter 11<br><br>**CREDITORS', SHAREHOLDERS, AND THIRD PARTY DEFENDANTS' OPPOSITION TO TERMS OF PROPOSED SETTLEMENT AMONG THE DEBTOR, YT AND HOFFMAN.**<br><br>Date:  December 7, 2010<br>Time:  1:15 p.m.<br>**HON. ARTHUR S. WEISSBRODT** |

COME NOW creditors, shareholders, and third party defendants DAVID MENDELSOHN, LARRY GINSBURG, and HAROLD SILEN to object to certain terms of the proposed settlement among the debtor, YT Technology and Ned Hoffman, as follows:

**I.  PRELIMINARY STATEMENT.**

DAVID MENDELSOHN, LARRY GINSBURG, and HAROLD SILEN are creditors, shareholders, and third party defendants in this bankruptcy case. The debtor has purported to have reached a settlement of the "turnover" adversary, No. 04-5217, which, if that was all that the proposed settlement settled would be a fine thing. Unfortunately, according to the debtor's status conference statement filed September 22, 2010, announcing that settlement, "[t]he debtor does not contemplate dismissal of the Third Party Claims. Rather, the matter should be remanded and pursued in state court." In

fact, the purported settlement leaves intact the litigation against these objecting individuals, while purporting to wipe out any claims that these individuals have against the debtor.

Notwithstanding that the debtor's representation in support of the proposed settlement that "the instant settlement ends seven years of continuous litigation between the parties, and the settlement is in the best interest of creditors and the bankruptcy estate" (*Motion Memo.,* at 7:7-8), this settlement does not benefit, and outright harms, these objecting individuals. Although not a party to the proposed settlement, the Settlement Agreement has provisions by which both Ned Hoffman and YT purport to release claims against YT and Excel that may exist or be brought on behalf of their "trusts, trustees". At the same time, neither Excel, Hoffman nor YT release whatever claims might exist or be brought against any trusts or trustees of either Hoffman, Excel or YT.

Because the proposed settlement purports to release these objectors' claims without a reciprocal release flowing in their direction, the Settlement Agreement lacks mutuality and violates the due process rights of these individuals. Additionally, the proposed settlement does not do what it purports to do: It does not end seven years of litigation. In fact, it merely prolongs the litigation.

Accordingly, these individuals, who are Excel shareholders, and one of whom is the estate's largest unsecured creditor, object to the proposed settlement, unless the purported releases of their claims are stricken.

## II. **ARGUMENT.**

### A. THE PROPOSED SETTLEMENT IS NOT FAIR AND EQUITABLE.

As the debtor notes in its motion, the standards for approving a settlement are set forth in the case of *In re A.& C Properties*, 784 F.2d 1377 (9th Cir. 1986). In *In re A.& C Properties*, it is explained that:

> It is clear that there must be **more than a mere good faith negotiation** of a settlement by the trustee in order for the bankruptcy court to affirm a compromise agreement. **The court must also find that the compromise is fair and equitable**. [Citation.]
>
> In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d)

the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Id*. at 1381; emphasis added.

Here, the settlement is not "fair and equitable" because it purports to release any claims against Excel by these objecting individuals, who were the trustees of the Voting Trust and Standstill Agreement. Under the Voting Trust and Standstill Agreement, a true and correct copy of which is Exhibit 2 to the Third Party Complaint, and attached hereto for the Court's convenience, Messrs. Silen, Mendelsohn and Ginsburg are entitled to indemnity from Excel for all costs and expenses incurred defending claims challenging their activities as trustees.

The relevant portions of the Voting Trust and Standstill Agreement, with emphasis added, provide as follows:

> 12. <u>Liability of Co-Trustees</u>.
>
> (a) Each Co-Trustees shall vote and otherwise carry out the duties as each deems appropriate in his or her exclusive business judgement [sic]. The **<u>Shareholders may not challenge or dispute any decision or action taken by the Co-Trustees acting in good faith</u>**. None of the Co-Trustees. individually or collectively, will incur any liability as a Co-Trustee or otherwise by reason of any error of judgment or mistake of law or other mistake, or for any act or omission of any agent or attorney, or for any misconstruction of this Agreement, or for any action of any sort taken or omitted hereunder and believed by him or her to be in accordance with the provision and intents hereof or otherwise, except for his or her own individual willful misconduct or gross negligence.
>
> \*    \*    \*
>
> 13. <u>Indemnification</u>. The **<u>Shareholders. and each of them. agree to indemnify and hold the Co-Trustees, jointly and severally, harmless from and against any all loss, liability, cost or expense (including attorney's fees) arising out of the holding by the Co-Trustees of any Shares hereunder or any action taken or omitted to be taken by it or them hereunder</u>** (except for individual willful misconduct or gross negligence). The Co-Trustees will not receive any compensation for services provided hereunder except for reimbursement by the Company for expenses reasonably and necessarily incurred in performing the duties hereunder.
>
> 14. <u>Agreement is Irrevocable</u>. During the; term of this Agreement, the Trust will be irrevocable, except as herein provided. and it may not be disbanded or voided by the Co-Trustees. The Company is a beneficiary of this Agreement and the Trust provided herein, and the Company shall be entitled to enforce the terms thereof. Except as expressly provided in this Agreement, no Shares held by the Co-Trustees pursuant to the terms of this Agreement will be transferred to the holder of a Trust Certificate evidencing the beneficial ownership thereof prior to the termination of this Agreement.

Thus, the Voting Trust establishes these objecting individuals' right to seek indemnity from Excel for all of their costs and expenses (including attorney's fees) incurred in defending

themselves in the Third Party Adversary Proceeding. Therefore, there are legitimate indemnity claims that the debtor has attempted to foreclose through the language in the Settlement Agreement, while at the same time, not providing a reciprocal release of Hoffman and YT's trusts and trustees.

There is nothing fair or equitable in such a state of affairs. Accordingly, the settlement should be disapproved, unless the parties to the settlement agree to include a release of these objecting individuals.

### B. BECAUSE THE SETTLEMENT RESOLVES THE DAMAGES CLAIMED IN THE THIRD PARTY COMPLAINT, THE SETTLEMENT SHOULD INCLUDE A RELEASE OF THOSE CLAIMS.

The gist of the Third Party Complaint, a copy of which is submitted as an exhibit for the Court's convenience, is that Messrs. Silen, Mendelsohn and Ginsburg did somethings wrong in their role as trustees that cost Excel its share of the proceeds of the Indivos and Solidus merger. As articulated in the Third Party Complaint in the prayer section of several of the claims for relief:

> As a result, Third Party Plaintiff seeks all damages that it has suffered as a proximate result of the third Party Defendants' breaches of the Voting Trust and their fiduciary duties including but not limited to $1,178,945.90. Alternatively, even if 25% of the shares were subject to a security interest, Excel has been damaged in the amount of $884,209.43.

This pending settlement pays to Excel 78% of the funds held at U.S. Bank with respect to the Excel shares in old Indivos. In the memorandum in support of the motion to approve the settlement (at 2:6-9), referencing paragraph 3 of the Charles Declaration, the debtor acknowledges that "[i]n the third year of the [settlement and voting trust] agreement, Hoffman filed more than a dozen lawsuits in his own name and in the name of Excel seeking to block a merger between Indivos and Solidus Corporation". The Third Party Complaint recognizes at paragraphs 29-36, that Excel's best case scenario allowed Indivos a 25% security interest in the funds at U.S. Bank, because of Hoffman's numerous breaches of the settlement agreement and voting trust agreement. Consequently, Excel's best case scenario to recover in the Third Party Action, as quoted above, was 75% of the U.S. Bank funds. Nevertheless, Excel is receiving 78% of the funds, according to its motion to approve the settlement.

What this means, quite simply, is that the proposed settlement provides Excel with

OPPOSITION TO SETTLEMENT
No. 04-53874-ASW 11
-4-
Case: 04-53874  Doc# 719  Filed: 11/24/10  Entered: 11/24/10 11:44:54  Page 4 of 8

more of a recovery than the damages that it claimed against these third party defendants. Therefore, the third party action should be dismissed as part of the settlement and these third party defendants released from further claims.

### C. THE TRUSTOR OF AN IRREVOCABLE TRUST HAS NO POWER OVER THE TRUST AND THE TRUSTEE, UNLESS S/HE IS THE *ALTER EGO* OF THE TRUST. IF HOFFMAN IS THE *ALTER EGO* OF THE VOTING TRUST, THEN EXCEL'S RELEASE OF HOFFMAN OPERATES A RELEASE OF THE THIRD PARTY CLAIM.

An irrevocable trust, such as the Voting Trust and Standstill Agreement here, is supposed to have an existence separate and apart from that of the trustor of the trust, who is Mr. Hoffman in our case. For Mr. Hoffman to purport to provide Excel with release of claims of his "trusts, trustees", and for Excel to accept that release, would mean that Hoffman and Excel both believe that Mr. Hoffman has the power to exercise ownership over the trust, thus rendering him the *alter ego* of the Voting Trust. See, *In re Schwarzkopf v. Briones*, 2010 U.S. App. LEXIS 24046, at pp. 10-17 (9th Cir. 2010).

Since Mr. Hoffman and Excel have treated Mr. Hoffman as the *alter ego* of the Voting Trust, by negotiating for Mr. Hoffman's release of claims of his "trust, trustees", then it follows, that Excel's release of Mr. Hoffman is a release of its claims with respect to the Voting Trust, his *alter ego*. In other words, the proposed settlement's purported release of the "trusts, trustees" of Mr. Hoffman should be interpreted as a release of any claims for mismanagement of the Voting Trust, which requires the dismissal of the Third Party Complaint as a condition of approval of the settlement.

Therefore, in order to approve the proposed settlement as written and executed by Excel, Hoffman and YT, the Court must interpret the settlement to require the dismissal with prejudice of the Third Party Action.

The rationales that the debtor advances for approving the settlement under *In re A.& C Properties*, 784 F.2d 1377, *supra*, are

    (1)    that "the Turnover Case is the hub of the substantial and complex litigation among the parties";

  (2)  that Excel will "collect approximately 78% of its merger proceeds", without having to complete the arbitration in which "Excel was found to be liable for Mr. Hoffman's conduct";

  (3)  that "YT may have proven that it still held a 25% security interest in the merger proceeds"; and,

  (4)  finally, that "the instant settlement ends seven years of continuous litigation between the parties, and the settlement is in the best interests of the creditors and the bankruptcy estate", citing Charles Declaration, ¶ 14.

All of those rationales dictate that the settlement must also resolve the Third Party Adversary Proceeding. The Third Party Adversary is just another part of the "substantial and complex litigation among the parties"; the 78% of merger proceeds that Excel will collect is the same damages claimed in the Third Party Adversary; Excel concedes that YT would most likely prove a 25% security interest[1]; there will not be an end to seven years of litigation without dismissal of the Third Party Adversary; and it is not in the best interests of the estate and creditors to leave open the Third Party Adversary Proceeding.

Thus, the debtor's own rationales for approval of this proposed settlement argue that the Court interpret the settlement to include the dismissal with prejudice of the Third Party Adversary Proceeding. If that does not occur, the entire rationale for the settlement falls apart and the settlement should be disapproved.

### III. CONCLUSION.

For each of the foregoing reasons, the settlement as proposed should be disapproved; unless the Court interprets the settlement to require the dismissal with prejudice of the Third Party Complaint.

Respectfully submitted,

DATED: November 24, 2010.    BARTLETT, LEADER-PICONE & YOUNG, LLP

---

[1] This is an actual concession, not a concession by purported silence, such as that asserted by Excel on page 4, line 5 of its brief.

**OPPOSITION TO SETTLEMENT** -6- No. 04-53874-ASW 11

BY: /s/ Malcolm Leader-Picone #104620
MALCOLM LEADER-PICONE

# PROOF OF SERVICE BY EMAIL AND/OR FIRST CLASS MAIL

I, Malcolm Leader-Picone, declare that:

I am employed in the County of Alameda, California. I am over the age of eighteen years and not a party to the within action. My business address is 2201 Broadway, Suite 803, Oakland, CA 94612. On November 24, 2010, I served the following document(s) entitled:

**CREDITORS', SHAREHOLDERS, AND THIRD PARTY DEFENDANTS' OPPOSITION TO TERMS OF PROPOSED SETTLEMENT AMONG THE DEBTOR, YT AND HOFFMAN.**

upon the following person(s) in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Oakland, California addressed as follows, AND/OR by email at the listed addresses:

| | |
|---|---|
| John S. Wesolowski, Esq.<br>Office of the United States Trustee<br>280 South First St., Rm. 268<br>San José, CA 95113<br>john.wesolowski@usdoj.gov | Paul E. Manasian, Esq.<br>Manasian & Rougeau LLP<br>400 Montgomery Street, Suite 1000<br>San Francisco, CA 94104<br>manasian@mrlawsf.com |
| Martha C. Luemers, Esq.<br>Dorsey & Whitney LLP<br>1717 Embarcadero Road<br>Palo Alto, CA 94303<br>luemers.martha@dorsey.com | Gregory Charles, Esq.<br>Campeau, Goodsell and Diemer<br>38 W Santa Clara Street<br>San Jose, CA 95113<br>gcharles@campeaulaw.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Oakland, California, on November 24, 2010.

        **/s/ Malcolm Leader-Picone #104620**
        Malcolm Leader-Picone