1  EDWINA E. DOWELL, # 149059
Assistant U.S. Trustee
2  NANETTE DUMAS, # 148261
JOHN S. WESOLOWSKI, # 127007
3  EMILY S. KELLER, # 264983
Office of the United States Trustee
4  280 S. First Street, Suite 268
San Jose, CA 95113-0002
5  Telephone: (408) 535-5525
Fax: (408) 535-5532

Attorneys for August B. Landis
Acting United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 04-53874 ASW |
| EXCEL INNOVATIONS, INC., | Chapter 11 |
|           Debtor. | Date: December 7, 2010<br>Time: 1:15 p.m.<br>Place: Courtroom 3020<br>Hon. Arthur S. Weissbrodt |

## U. S. TRUSTEE'S OBJECTION TO FEE APPLICATION OF CAMPEAU GOODSELL SMITH

The United States Trustee (the "UST") files this Objection regarding the fee application of counsel Campeau Goodsell Smith ("CGS") and represents as follows:

1. CGS seeks approval and payment of fees and expenses in the amount of $964,998.27 for about 5½ years of services. At this point, the estate appears to be administratively insolvent. There are other potential administrative claimants in the case, including Silicon Valley Law Group, Knobbe Martin, Ruth Hamilton and Stan Caplan. These claimants may also assert claims in the case. At this time, there is only $19,801 in funds available (per the September 2010 MOR), plus whatever is recovered from the turnover action/settlement.

UST's Objection to Fee Application
Campeau Goodsell Smith

2. There's a duplicate entry on 4/12/07 and 4/13/07 for GJC in exhibit A3 – 6.5 hours ($2,600) for the exact same billing description.  CGS has advised that this is not a duplicate – the UST asks that this be orally stated on the record at the hearing.

3. The work done in exhibit A3 concerning the appeal of the patent ownership issue seems excessive.  The total for the entire category A3 is $483,842, less a "Shareholder Litigation Contribution" of $195,000.   Much of the time is recorded in large, lump blocks of time – e.g., see time from 10/13/08 through 12/16/08.  The UST recognizes that the patent issues were important and that the appeal was a significant undertaking, but the amount still seems excessive.

4. In category A3, there are duplicate entries for GJC on 11/12/08 (9.2 hours, $3,680), 11/14/08 (5.1 hours, $2,040) and 11/18/08 (1.1 hours, $385/$440).  The entries should only be charged once.

5. In category A4, there appear to be duplicate entries on 5/22/05 and 5/24/05 for SLG (3.2 hours, $1,280).

6. The fee app prep time of $21,300 exceeds the court's guidelines.

7. The UST has been informed that the $3,179.36 expense for "Hopkins/Excel corporate review" is for professional services performed by attorneys Hopkins & Carley. But the firm of Hopkins & Carley was never employed by the Debtor pursuant to Bankruptcy Code section 327; this expense should be denied.

8. There's no letter to the client re the fee application, per Guideline No. 7.

9. CGS is asking for payment of 75% of the approved fees and 100% of the approved costs.  However, given the circumstances, that appears to be too much.  This is an insovent estate, and the settlement with YOU Technology will generate approximately $925,000 in proceeds.  But that settlement is far from being a "done deal" given the pending objection by certain shareholders/creditors (see Docket # 719).  Plus there are other potential administrative claimants.  The UST recommends a payment of 100% of the allowed expenses (excluding the $3,179.36 payment to Hopkins & Carley), and a 30-40% payment of allowed fees.

10. If and when the settlement is approved, the UST recommends that the case be converted to chapter 7. A trustee can clean up any loose ends in a more efficient and cost-effective manner than can be done in a chapter 11 liquidating plan.

Date: December 1, 2010             Respectfully submitted,


                                   By:  /s/ John S. Wesolowski
                                        John S. Wesolowski
                                        Attorney for the United States Trustee