William C. Lewis, Esq., Bar No. 77193
LAW OFFICES OF WILLIAM C. LEWIS
510 Waverley Street
Palo Alto, CA 94301-2009
Telephone: (650) 322-3300
Facsimile: (650) 327-9720

Attorneys for Creditor Stanley Caplan

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>EXCEL INNOVATIONS, INC.,<br><br>        Debtor. | Case No.: 04-53874-ASW<br><br>Chapter 11<br><br>OBJECTIONS TO FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEY FOR DEBTOR<br><br>Date: December 7, 2010<br>Time: 1:15 p.m.<br>Courtroom: 3020<br>Judge: Arthur S. Weissbrodt |

Creditor, Stanley Caplan ("Caplan"), hereby submits his Objections to the First Interim Application For Compensation And Reimbursement of Expenses By Attorney for Debtor (the "Fee Application").

I. **INTRODUCTION**

In the Fee Application, the firm of Campeau Goodsell Smith (the "Applicant") requests compensation of $953,409.00 in fees and $11,589.27 in costs. The amounts requested in the Fee Application exceed what will be

OBJECTIONS TO DEBTOR'S COUNSEL'S FIRST INTERIM FEE APPLICATION            -1-

recovered in settlement proceeds, assuming the Court approves the compromise of controversy between and among the Debtor, YT Technology, and Ned Hoffman. Stanley Caplan is the holder of a $192,000 Administrative Claim for his continued employment post-Petition as Debtor's President and Chief Executive Officer. Caplan vehemently objects to the Fee Application on multiple grounds and at a minimum, requests that the Court defer ruling on the Fee Application until all professional fee applications and administrative claims have been filed and approved.

In the alternative, Caplan requests that if the Court is inclined to grant the Fee Application, then Caplan should also receive, at the same time, a pro rata portion of his administrative claim. Finally, Caplan contends that the submission of this Fee Application is one more compelling reason for why the Court should exercise its broad, discretionary powers to convert this case to Chapter 7.

## II. ARGUMENT IN SUPPORT OF OBJECTIONS

### A. The Amount Requested in the Fee Application regarding the Patent Litigation Is Excessive

For several years, Caplan served as Debtor's President, Chief Executive Officer, and Board Director, and obtained first-hand knowledge of the services provided by Applicant. See Declaration of Stanley Caplan filed concurrently with these Objections ("Caplan Decl."). In May 2004, the District Court granted a motion for summary judgment against Debtor, ruling that Debtor did not own the patents at issue. See Caplan Decl. at ¶ 2. The District Court subsequently granted terminating sanctions against Debtor and Ned Hoffman. See Caplan Decl. at ¶ 2. In addition, the patent litigation firm of Knobbe, Martens, Olson & Bear LLP ("KMOB") had already attempted FRCP

Rule 54 certification four different times and was denied each time. In light of these adverse rulings, it became clear to Caplan that further litigating the patent case could only be justified on a contingency-fee basis. See Caplan Decl. at ¶ 2. Caplan doesn't have the resources to further evaluate or investigate the legal invoices submitted with the Fee Application, but the bottom line is that Applicant's pursuit of the patent litigation (category A3 of the Fee Application) came at a cost of $483,842. The work performed by Applicant was not of value to the estate, and given the District Court rulings that went against Debtor in connection with the summary judgment proceedings in 2004, Applicant respectfully asks the Court to deny, or at least significantly reduce, the almost $483,842 spent on this litigation.

### B. The Court Should Deny Fees in Connection with the Turnover Litigation Because Applicant Was Never Approved as Special Counsel

On March 24, 2005, Applicant was retained by Court Order to serve as Debtor's general bankruptcy counsel. See Docket No. 305. In Applicant's own words, it "thereafter persuaded Silicon Valley Law Group (SVLG) to act as special counsel to prosecute the Stock Proceeds Turnover Litigation." See Fee Application, Docket No. 716 at page 6:7-8. When attorney Gregory Charles left SVLG in March 2007 and joined the Applicant, the Applicant "substituted itself for SVLG as record counsel in the turnover litigation." See Fee Application, Docket No. 716 at page 6:10-11. However, Applicant did not seek the authority of this Court to be retained as special counsel or to act as litigation counsel. Upon information and belief, it appears that Applicant did nothing more than simply file a Substitution of Counsel in which it announces, without Court approval, that the Debtor "hereby relieves" SVLG

OBJECTIONS TO DEBTOR'S COUNSEL'S FIRST INTERIM FEE APPLICATION        -3-

Case: 04-53874    Doc# 724    Filed: 12/02/10    Entered: 12/02/10 10:53:14    Page 3 of 6

(which had previously been Court-approved to serve as special counsel) and instead appoints itself. See Adversary Proceeding No. 04-05217, Docket No. 122.

Caplan objects to the awarding of fees to a firm not properly employed, and therefore requests that the Court deny the $179,260.00 Applicant seeks to recover as compensation in connection with this litigation.

### C. A Ruling on the Fee Application is Premature

Applicant has presented a Fee Application that would swallow up the estate's only asset. Caplan respectfully submits that it is therefore premature to rule upon the Fee Application until all professional fees and administrative claims have been filed. Caplan has a $192,000 administrative claim for post-petition employment services and Applicant has disclosed that it believes that SVLG will be submitting "a fee application for about $200,000 at a future point in time." See Fee Application, Docket No. 716, at page 16:14-15. If the Fee Application is granted (even with Applicant deferring 25% of its fees), there is not enough remaining to satisfy Caplan's claim as well as the claims of other professionals and administrative claimants. The Court should therefore defer ruling on the Fee Application until all such claims and fee applications can be submitted and reviewed.

### D. The Fee Application Begs for the Court to Sua Sponte Convert this Case to Chapter 7

At this point, it appears that the only purpose for Debtor remaining in bankruptcy is to pay professional fees. The Debtor is not conducting any business and no proceeds are coming in other than through the settlement the

Court is being asked to approve. Under such circumstances, the Court would be justified to exercise its power under 11 U.S.C. section 105(a) to convert the case to Chapter 7. Caplan contends that this is the proper outcome so that a Chapter 7 trustee (who will have the financial resources to do so) can do the analysis and investigation required to determine how to best apportion any settlement proceeds.

> E. **IF THE COURT IS INCLINED TO GRANT THE FEE APPLICATION, CAPLAN SHOULD ALSO RECOVER A PRO RATA PORTION OF HIS ADMINISTRATIVE CLAIM**

Caplan is the holder of an administrative priority claim for providing key services as President and CEO to the Debtor. See Claims Register, Claim No. 15. The equities demand that if the Court grants any portion of the Fee Application at the present time (Applicant is requesting 75% of fees and 100% of costs), then Caplan be paid a proportionate percentage on his administrative claim.

## III. CONCLUSION

For the foregoing reasons, Caplan objects to Applicant's Fee Application and respectfully requests that the Court deny, or at least defer the Fee Application, in addition to converting this case to Chapter 7. In the alternative, if the Court does grant the Fee Application, Caplan requests that

///

///

///

OBJECTIONS TO DEBTOR'S COUNSEL'S FIRST INTERIM FEE APPLICATION -5-

Case: 04-53874   Doc# 724   Filed: 12/02/10   Entered: 12/02/10 10:53:14   Page 5 of 6

his administrative claim be paid at the present time pro rata with what the Applicant is awarded.

Dated: December 2, 2010        LAW OFFICES OF WILLIAM C. LEWIS

                                  By:   /s/ William C. Lewis
                                       William C. Lewis
                                       Attorneys for Creditor,
                                       Stanley Caplan