William C. Lewis, Esq., Bar No. 77193
LAW OFFICES OF WILLIAM C. LEWIS
510 Waverley Street
Palo Alto, CA 94301-2009
Telephone: (650) 322-3300
Facsimile: (650) 327-9720

Attorneys for Creditor Stanley Caplan

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No.: 04-53874-ASW |
| EXCEL INNOVATIONS, INC., | Chapter 11 |
| Debtor. | DECLARATION OF STANLEY CAPLAN IN SUPPORT OF OBJECTIONS TO FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEY FOR DEBTOR |
| | Date: December 7, 2010<br>Time: 1:15 p.m.<br>Courtroom: 3020<br>Judge: Arthur S. Weissbrodt |

I, Stanley Caplan, know the following matters to be true of my own, personal knowledge and, if called as a witness, could and would testify competently thereto. I submit this Declaration in support of my Objections to the First Interim Fee Application For Compensation and Reimbursement of Expenses by Attorney for Debtor (the "Fee Application").

DECLARATION OF STANLEY CAPLAN IN SUPPORT OF OBJECTIONS TO DEBTOR'S COUNSEL'S
FIRST INTERIM FEE APPLICATION          -1-

1. In November 2004, I became the President, Chief Executive Officer, and Board Director for Excel Innovations, Inc. (the "Debtor"). I remained in those positions for the next several years. I am the holder of a $192,000 Administrative Claim arising from my post-petition employment. On or about June 28, 2010, I filed a Proof of Claim with supporting documentation that appears on the Claims Register for this case as Claim #15.

2. I have reviewed the Fee Application, and based on information obtained while employed by Debtor, I believe that the law firm of Campeau Goodsell Smith (the "Applicant") did a significant disservice to the Debtor by pursuing the District Court patent litigation on a non-contingency fee basis. In May 2004, the District Court granted a motion for summary judgment against Debtor, ruling that Debtor did not own the patents at issue. The District Court subsequently granted terminating sanctions against Debtor and Ned Hoffman. In addition, the patent litigation firm of Knobbe, Martens, Olson & Bear LLP ("KMOB") had already attempted, with no success, on four different occasions to obtain Rule 54 certification. In light of these adverse rulings, it became clear to me that further litigating the patent case could only be justified on a contingency-fee basis. I don't have the resources to further evaluate or investigate the legal invoices submitted with the Fee Application, but I can see no basis under which work performed by Applicant was of any value to the estate, much less anything close to the $483,842 spent on this litigation.

I declare under penalty of perjury that the foregoing is true and correct

DECLARATION OF STANLEY CAPLAN IN SUPPORT OF OBJECTIONS TO DEBTOR'S COUNSEL'S
FIRST INTERIM FEE APPLICATION        -2-

| | |
|---|---|
| 1 | and that this Declaration was executed on December 1, 2010, at San Diego, |
| 2 | California. |
| 3 |        /s/ Stanley Caplan |
| 4 |        Stanley Caplan |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

DECLARATION OF STANLEY CAPLAN IN SUPPORT OF OBJECTIONS TO DEBTOR'S COUNSEL'S FIRST INTERIM FEE APPLICATION  -3-