PAUL E. MANASIAN (130855)
GREGORY A. ROUGEAU (194437)
MANASIAN & ROUGEAU LLP
400 Montgomery Street, Suite 1000
San Francisco, CA 94104
Telephone: (415) 291-8425
Facsimile: (415) 291-8426
Email: manasian@mrlawsf.com
Email: rougeau@mrlawsf.com

Attorneys for Creditor YOU Technology, Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>EXCEL INNOVATIONS, INC.<br><br>Debtor. | Case No. 04-53874 ASW 11<br><br>Chapter 11<br><br>**YOU TECHNOLOGY, INC.'S CHAPTER 11 STATUS CONFERENCE STATEMENT**<br><br>Date: February 14, 2010<br>Time: 2:15 p.m.<br>Place: 280 S. First Street<br>        Courtroom 3020<br>        San Jose, California<br>Judge: Hon. Arthur S. Weissbrodt |

YOU Technology, Inc. ("YT"), a creditor of the Debtor, hereby respectfully submits its Chapter 11 Status Conference Statement, as follows:

As indicated by the Debtor, the Debtor, YT and the former Indivos shareholder representatives reached a settlement in June at a judicial mediation with Judge Montali. The settlement would divide funds which have been sitting an escrow account for approximately seven years. The motion to approve the settlement was set for hearing on December 4, 2010, and

1

only one objection was filed.[1] That objection – by Messrs. Medelson, Ginsburg and Silen. - did not object to the economic terms of the settlement but only to the perceived scope of the releases in the settlement document. The Debtor replied to the objection, pointing out that the objecting parties had misinterpreted the settlement agreement. Prior to the December 4, 2010 hearing on the motion to approve the compromise (which was also the time set for a large and apparently controversial fee application by counsel for the Debtor) the Court continued the hearing until February 14, 2010.

YT respectfully requests that the Court hear the motion to approve the compromise at an earlier time, separate and apart from the hearing on the fee application of Debtor's counsel. Resolution of the adversary proceeding between YT and the Debtor will clear out many of the issues in the case and is an antecedent to any distribution of any money to any creditor, including counsel or other administrative claimants. Whether the Debtor's case should be converted to Chapter 7 can be addressed at the later hearing (i.e, at the hearing on the contested fee application), by which time YT (and Mr. Hoffman) will no longer be creditors or in any way involved in the Debtor's case.

Given the lengthy delay between the settlement in June and the filing of the motion to approve the compromise, the very narrow scope of the sole objection to the compromise, and that approval of the compromise and disbursement of the escrowed funds to the Debtor is a necessary condition to any payment of fees or other claims, YT respectfully requests that the Court set the hearing on the Debtor's motion to approve the compromise at an earlier date, preferably in early January, 2011, so that YT can at last receive its share of the escrowed funds

---

[1] The filing of the motion to approve the compromise was unduly delayed by counsel for the Debtor and was not filed until Judge Montali intervened and set a deadline for the filing of the motion at the request of the undersigned.

1 and exit this case. As indicated, the sole objection raises a very narrow issue and resolution of
2 that objection is entirely unrelated to the fee applications or future course of the Debtor's case.[2]

DATED: December 14, 2010                    MANASIAN & ROUGEAU, LLP

                                            By:   */s/ Paul E. Manasian*
                                                  Paul E. Manasian
                                                  Attorneys for
                                                  Creditor YOU TECHNOLOGY, INC.

---

[2] In addition, YT will attempt to resolve the objection, in which case YT would request authority from the Court simply to submit an order approving the settlement upon the withdrawal of the sole objection.